By the Court.
An inspection of the amended answer will disclose an attempt to set forth an agreement, by the terms of which the defendant in error was to cancel and surrender the promissory note upon which this action was founded; the statement of the terms of the alleged agreement wants precision and clearness, while the acts of performance on the part of the plaintiffs in error, as well as the breach of the contract by the defendant in error, is still more obscurely stated, and the mind is left in doubt whether the answer is the product of an inartistic and careless effort to set forth a bona Jide defense, or an artful attempt to arrange facts insufficient for that purpose so as to give them the appearance of constituting a valid defense. That doubt in this case, as in all cases where the contrary purpose is not fairly apparent, should be resolved in favor of an' honest *489 purpose; and under the liberal rules for the construction of pleadings, favored by the code of civil procedure, the answer should be held sufficient if it contain the necessary facts, however awkwardly they may be stated.. The amended answer when tried by this test we think is sufficient. It shows, among other things, that the defendant in error was a solvent stockholder of The Sterling Wrench Company, a body corporate under the laws of the state; that the corporation, although its insolvency was not averred, was embarrassed by a heavy debt, which was due, and actions for its collection threatened; that the defendant in error was personally liable as a joint maker of a note representing $3,000.00 of this debt; that all of the solvent stockholders of the concern, including the defendant in error, agreed among themselves to pay off its entire debt; the defendant in error agreeing to cancel and surrender the note in suit as a part of the aliquot share to be contributed by him for that purpose. This was an original contract made by and between parties financially interested in the success of the concern, to accomplish a lawful object beneficial to each of them. Even if the mutual promises were not sufficient considerations for each other to make them binding obligations, while wholly executory, yet, after full performance by some of the contracting parties, those so performing could maintain an action upon the contract against those in default.
If claim should be made that the contract was too indefinite to support an action, in that it did not fix the aliquot share to be contributed by each shareholder, towards paying the debt, reply may be made that in the absence of an express stipulation in respect thereto, it would be held that each party should contribute such proportion of the entire debt as his stock bore to the stock of all the contributors. That inquiry, however, is not important Here, because it is averred, and the demurrer admits, that the whole amount, except the share of the defendant in error, has been contributed, and it also appears that the share of the defendant in error is at least equal to the note in suit; for the answer *490 alleges that he was to contribute the amount of the note in suit, as a part of his aliquot share.
The full performance, by the other contracting parties, of their obligations under the contract, is expressly averred it being stated in direct terms that they “did stop the threatened proceedings; ” * * * “ that all of said stockholders did contribute towards the liquidation of said indebtedness as they had agreed to do; ” * * * that they “ did pay off and fully liquidate said note,” * * * upon which the defendant in error was liable as a joint maker, and that “ by reason of the plaintiff not fulfilling his portion of said agreement, his proportionate share of said debts of said company, for which he is liable as a joint maker, are as yet unpaid.” If this is true, the contracting parties, other than the defendant in error, have fully performed their part of the agreement, and all the debts of the concern are paid except some portion of that which he was to pay. If these facts are true, and the demurrer admits their truth, the conditions upon which the defendant in error was to cancel and surrender the note in suit have been fully performed, and their performance constitutes a good equitable defense to an action founded thereon.
Judgment reversed, and cause remanded Jor further proceedings.